```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
_____
                                   :
LAVAR T. RODGERS,                  :
                                   :
          Petitioner,              :   Civ. No. 19-16612 (NLH)
                                   :
     v.                            :   OPINION
                                   :
                                   :
BRUCE DAVIS, et al.,               :
                                   :
          Respondents.             :
_____:
```

APPEARANCE:

Lavar T. Rodgers
785973
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

    Petitioner Pro se

Gurbir S. Grewal, New Jersey Attorney General
Regina Marie Oberholzer, Deputy Attorney General
Office of the Attorney General, Division of Criminal Justice
25 Market Street
Po Box 086
Trenton, NJ 08625

    Attorneys for Respondent

HILLMAN, District Judge

    This matter comes before the Court on Petitioner Lavar Rodgers' request for a stay and abeyance of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See ECF No. 14. Respondent Bruce Davis objects to the request. ECF No. 15. For the reasons stated below, the request is granted. The Court

will administratively terminate the matter until exhaustion is complete.

I.   Background

Petitioner filed his petition for writ of habeas corpus on August 12, 2019.  ECF No. 1.  The Court issued an order to answer on November 27, 2019.  ECF No. 5.  On January 14, 2020, the Court granted the State's request for an extension of time to answer; the new date for the answer was March 11, 2020.  ECF No. 7.

On March 2, 2020, the Court received a motion from Petitioner to correct his habeas petition.  ECF No. 8.  Petitioner stated that he was not amending his petition, only correcting some typographical errors in the original.  Id.  The Court granted the request over the State's objection and extended the date to answer until March 25, 2020.  ECF No. 11.  The State submitted its answer on March 18, 2020.  ECF No. 12.

On May 8, 2020, Petitioner filed a motion for a stay and abeyance.  ECF No. 14.  Petitioner argued that he wished to file a second post-conviction relief ("PCR") motion in the state courts "to exhaust the kidnapping offense, and ineffective assistance of counsel, from trial appellate and first (1st) PCR counsel for not addressing or investigating this incident, for [that] there was evidence to dispute otherwise."  ECF No. 14 at 3.

2

The State argues the motion to stay should be denied because the claims Petitioner seeks to raise in the state courts do not relate back to the claims filed in his amended petition and would therefore be untimely.  ECF No. 15.  Petitioner responds that he did raise the unexhausted claims in his amended petition, the State just failed to answer them.  ECF No. 19.

II.  Standard of Review

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA provides prisoners one opportunity, except in limited circumstances, to challenge the legality of their detention pursuant to the judgment of a state court.  Petitioners must also exhaust the remedies available in state courts before a federal court can grant a § 2254 petition unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the application."  28 U.S.C. §§ 2254(b)(1)(B)(i)-(ii).

Under certain circumstances, this Court may stay the habeas proceedings to permit a petitioner to exhaust state court remedies.  Rhines v. Weber, 544 U.S. 269 (2005).  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was

good cause for the petitioner's failure to exhaust his claims." Id. at 270.

III. Discussion

Petitioner argues that his claims were not previously exhausted due to ineffective assistance of counsel. Ineffective assistance of counsel may excuse a procedural default in certain circumstances. Martinez v. Ryan, 566 U.S. 1 (2012). The Court finds that it is in the interests of justice to allow the state courts to have the first opportunity to consider Petitioner's claims.[1]

Petitioner is directed to file his PCR with the state courts within 30 days of this opinion and order. Once exhaustion is complete, he must file his second amended petition with this Court within 30 days of the relevant order. Failure to abide by these deadlines risks the second amended petition being denied and dismissed.

The State argues that the claims Petitioner seeks to exhaust, i.e., that trial counsel was ineffective for failing to challenge the legitimacy of the kidnapping charges and that the trial court gave a misleading charge on voluntary intoxication,

---

[1] To be clear, nothing in this Opinion or Order requires the state courts to make a decision on the merits if they decide Petitioner has not met the state procedural rules for filing a second PCR petition.

4

do not relate back to the four claims raised in Petitioner's amended petition.  ECF No. 15 at 3.  The dispute over which claims were or were not incorporated into Petitioner's amended petition is best resolved after Petitioner has given the state courts an opportunity to rule to consider the second PCR petition.  After exhaustion is complete, Petitioner should file a second amended petition containing all claims he wishes the Court to review, even if he has already included those claims in his prior submissions.  In other words, the second amended petition should gather in one place every claim Petitioner is raising under § 2254.  If a claim is not in the second amended petition, the Court will consider the claim waived.

After Petitioner submits his second amended petition, the State will have an opportunity to raise any arguments about the included claims for relief.

IV. Conclusion

For the reason set forth above, the motion to stay is granted.  The Clerk of Court will be ordered to administratively terminate this Petition.[2]  Petitioner is directed to file his PCR

---

[2] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases

5

with the state courts within 30 days of this opinion and order and to file his all-inclusive second amended petition in this Court within 30 days of completing state court exhaustion.

An appropriate Order will be entered.

Dated: June 29, 2020         s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.

---

and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).